**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHU MIN CHEN, | No. 12-70756 |
| Petitioner, | Agency No. A099-903-113 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2015[**]
Pasadena, California

Before: NOONAN, WARDLAW, and MURGUIA, Circuit Judges.

Petitioner Shu Min Chen, a native and citizen of the People's Republic of

China, applied for asylum, withholding of removal, and relief under the

Convention Against Torture. An immigration judge ("IJ") denied all relief, and the

Board of Immigration Appeals affirmed. Chen petitions this court for review of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Board's decision. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Chen argues that the Board's affirmance of the IJ's adverse credibility finding is unsupported by substantial evidence. But Chen testified unequivocally that he was fired from his job at a watch factory on account of political opinion in 1990, and later testified that he continued to work for the watch factory's service company until 1996. In addition, Chen resided in housing provided by the watch factory until 2006. In light of these inconsistencies regarding a fact material to Chen's claim, substantial evidence supported the Board's conclusion that Chen's testimony as a whole was not credible. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1059 (9th Cir. 2005). Chen's inconsistent testimony regarding whether he personally signed his visa application further supported the adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010).

Substantial evidence also supports the Board's alternative conclusion that Chen's three-day detention and brief beatings by police in 2006 did not amount to persecution. *See Gu v. Gonzales*, 454 F.3d 1014, 1017–18, 1019–20 (9th Cir. 2006).

Chen argues that he is eligible for relief under the Convention Against Torture even if his testimony is not credible. However, Chen does not point out

2

what specific data in the State Department country report demonstrates that he will more likely than not be tortured if returned to the People's Republic of China. By failing to support his contention with specific argument, Chen has abandoned the contention. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992).

**PETITION DENIED.**